IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| DOC HOLLIDAY, | ) | 8:15CV356 |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| THE CARDIAC CENTER, et al., | ) | |
| Defendants. | ) | |

This matter is before the court on initial review of Plaintiff Doc Holliday's Complaint. For the reasons set forth below, the court will give Holliday 30 days in which to file an amended complaint that clearly sets forth the nature of his claims, the jurisdictional basis for his claims, and the relief he seeks.

## I. STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds

for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## II. DISCUSSION

Holliday filed this lawsuit against two medical centers in Omaha, Nebraska—the Cardiac Center and the CHI Health Creighton University Medical Center—and also against the State of Nebraska and two State of Nebraska employees. The court cannot discern Holliday's basis for suing these defendants. In addition, the court is unable to discern any coherent facts about the nature of his claims, the jurisdictional basis for his claims, or the relief he seeks. In short, even when liberally construed, Holilday's Complaint does not give the opposing parties "'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian*, 760 F.3d at 848 (quoting *Hopkins*, 199 F.3d at 973).

On the court's own motion, Holliday will have 30 days in which to file an amended complaint that clearly sets forth the nature of his claims, the jurisdictional basis for his claims, and the relief he seeks.

IT IS THEREFORE ORDERED that:

1. Holliday must file an amended complaint in accordance with this order within 30 days. Failure to file an amended complaint will result in the court dismissing this action without further notice to Holliday.

2. The clerk of the court is directed to set a pro se case management deadline using the following text: March 21, 2016: check for amended complaint.

DATED this 22nd day of February, 2016.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge