IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DOC HOLLIDAY, | ) | 8:15CV356 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| JON BRUNING, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

On February 22, 2016, the court entered an order on initial review of this pro se case in which the plaintiff, Doc Holliday ("Holliday"), was directed "to file an amended complaint that clearly sets forth the nature of his claims, the jurisdictional basis for his claims, and the relief he seeks" (Filing No. 7 at CM/ECF p. 1). Although Holliday filed an amended complaint on March 14, 2016 (Filing No. 8), this pleading again fails to state an actionable claim for relief against any defendant.

### I. SUMMARY OF AMENDED COMPLAINT

Named as defendants in the amended complaint are three state officials, the patient safety officer for CHI Health Creighton University Medical Center, and the Cardiac Care Center in Omaha, Nebraska. For a statement of facts, Holliday merely lists twenty-one dates and times between June 2008 and March 2015 when the defendants allegedly "withheld medical information that put the plaintiff in an unsafe environment" (Filing No. 8 at CM/ECF pp. 2-3). He claims (1) "a natural lifetime of mental treatment for rage, obsession, PTSD ... for 'corpse man syndrome,'" (2) "the PTSD has ruined a career at media production in the theatre, as a writer," and (3) "seeing a white medical jacket cause(s) uncontrolled abnormal behavior patterns" (Filing No. 8 at CM/ECF p. 4). Holliday seeks to recover damages and an order requiring all CHI staff, volunteers, and students to submit to blood and urine tests for drug abuse (Filing No. 8 at CM/ECF p. 8).

## II. STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION

As a legal basis for his claims, Holliday relies on 42 C.F.R. § 482.13(c)(2), a Medicare regulation which provides that hospital patients have "the right to receive care in a safe setting." However, "[n]othing in this regulation provides for a private cause of action ... [and] nothing in the text of the statute authorizing the regulation, 42 U.S.C. § 139[5]hh, suggests any right to a private cause of action ...." *Smith v. Univ.*

*of Minn. Med. Ctr. Fairview Riverside*, No. CIV.09-293 (JRT/JSM), 2010 WL 3893902, at *16 (D. Minn. July 14, 2010), *report and recommendation adopted*, No. CIV.09-293 (JRT/JSM), 2010 WL 3893849 (D. Minn. Sept. 30, 2010). Holliday also asserts there was a violation of civil rights, but from the facts alleged the court is unable to discern any legitimate basis for a federal constitutional claim.

Because the amended complaint does not allege an actionable claim arising under the Constitution or laws of the United States, this court does not have "federal question" jurisdiction under 18 U.S.C. § 1331. It might be possible for the court to exercise "diversity" jurisdiction under 18 U.S.C. § 1332 since Holliday resides in Iowa and the defendants are in Nebraska, but the amended complaint also fails to allege an actionable claim under state law.

### IV. CONCLUSION

Because Holliday has not provided a coherent description of his claims and has requested frivolous relief, the court concludes that granting him another opportunity to amend his pleadings would be an exercise in futility.

IT IS THEREFORE ORDERED that the case is dismissed without prejudice. The court will enter judgment by a separate document.

DATED this 29th day of April, 2016.

> BY THE COURT:
>
> *Richard G. Kopf*
> Senior United States District Judge